UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RHONDA COLEMAN, | ) |
| Plaintiff, | ) |
| v. | ) 1:25-cv-01206-SEM |
| FULTON COUNTY JAIL, | ) |
| Defendant. | ) |

### **MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, pursues an action under 42 U.S.C. § 1983. Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). But, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011)

1

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff names as Defendant the Fulton County Jail. She alleges two inmates were making loud and disruptive noises. She alleges these other inmates should be taken for a psychiatric evaluation.

## ANALYSIS

Plaintiff's spare allegations do not state a claim.

First, she cannot bring claims on behalf of other inmates. Instead, each such claim is personal to the individual whose rights were violated. *See Ray v. Maher*, 662 F.3d 770, 773–74 (7th Cir. 2011).

Second, Plaintiff only names the Fulton County Jail as the Defendant. A jail building is not a suable entity. Instead, a plaintiff must identify defendants that have a legal identity, such as individuals and, where appropriate, municipalities or governmental entities. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person

under § 1983.").

IT IS THEREFORE ORDERED:

1. Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is allowed 30 days to file an amended complaint if she believes she can do so consistent with this order. If Plaintiff does not amend the case will be dismissed without prejudice for failure to state a claim.
2. Plaintiff's Motion to Proceed in Forma Pauperis [3] is denied. Plaintiff's sealed trust fund ledger indicates she has adequate funds to pay the filing fee herein. Filing fee of $405 due within 30 days.

Entered this 9th day of September, 2025.

*s/ Sue E. Myerscough*

UNITED STATES DISTRICT JUDGE